```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
JONATHAN BURKE,

                            Plaintiff,        12-CV-6099

            v.                                 DECISION
                                              and ORDER
STATE UNIVERSITY OF NEW YORK,
INSTITUTE OF TECHNOLOGY AT UTICA/ROME;
SHERBURNE-EARLVILLE CENTRAL SCHOOL DISTRICT;
SUPERINTENDENT GAYLE HELLER

                            Defendants.
_____
```

## INTRODUCTION

Plaintiff, Jonathan Burke ("Plaintiff"), brings this action pursuant to 42 U.S.C. § 1983, alleging a claim for First Amendment retaliation and a claim for the denial of equal protection, against his former employer, the Sherburne-Earlville Central School District (the "School District"), and Superintendent Gayle Heller ("Heller"), (collectively, "Defendants"). Plaintiff also initially brought a claim for discrimination under the New York State Human Rights Law ("NYSHRL") against Defendant Heller and a claim against the State University of New York, Institute of Technology at Utica/Rome ("SUNY IT"), but he now stipulates to the dismissal of both his claim under the NYSHRL and his claim against SUNY IT. Pl. Resp. at pg. 21, Docket No. 9. Accordingly, Plaintiff's claims under the NYSHRL and against SUNY IT are dismissed.

The School District and Heller now move for a transfer of venue to the United States District Court for the Northern District

Page -1-

of New York and, in the alternative, they move to dismiss Plaintiff's claims pursuant to Rule 12(b)(1), Rule 12(b)(6) or Rule 56 of the Federal Rules of Civil Procedure. Def. Mem. of Law at 1, Docket No. 6. Plaintiff has not responded to Defendants' motion for a change of venue, but opposes the motion to dismiss and/or for summary judgment and cross-moves for additional time to conduct discovery under Rule 56(d). Pl. Mem. of Law, Docket Nos. 9, 9-1. For the reasons discussed herein, this case is transferred to the United States District Court for the Northern District of New York. In the interest of consistency in the administration of this case, the Court will leave the determination of the motion to dismiss to the Northen District of New York.

## DISCUSSION

Defendants request a transfer of venue to the United States District Court for the Northern District of New York pursuant to 28 U.S.C. § 1404. Plaintiff has not responded to this request.

28 U.S.C. § 1404 provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." A district court may consider the following factors when determining whether to grant a motion to transfer venue: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents

and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." New York Marine and General Ins. Co. v. Lafarge North America, 599 F.3d 102, 112 (2d Cir. 2010)(quoting D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106-7)). While Plaintiff's choice of forum is generally entitled to substantial deference, if "the balance is strongly in favor of the defendant" the court may, in its discretion, determine that venue is more appropriate in another district court. See Gross v. British Broadcasting Corp.,386 F.3d 224, 230 (2d Cir.2004).

    Most of the relevant factors weigh in favor of transferring this case to the Northern District of New York and the Court finds that the Defendants have met their burden of establishing that the factors favor transfer to that district.  First, while Plaintiff chose to file his case in the Western District of New York, Plaintiff currently resides in Chenango County, which is located in the Northern District of New York.  The Defendant School District is located in Sherburne, New York, in Chenango County and Defendant Heller also resides in Chenango County.  SUNY IT, which is no longer a defendant in this case, but which may employ individuals who may be called as witnesses and is the location where some of

the relevant facts took place, is located in Oneida County, New York, also within the Northern District of New York.

The Defendants assert that it is unlikely that any witnesses would be located outside of Chengango or Oneida Counties and all of the relevant events took place in either Chenango or Oneida counties. Plaintiff has neither responded to these assertions nor identified any potential facts or witnesses which occurred or are located, respectively, in the Western District of New York. The ability to compel unwilling witnesses is not at issue in this case and the relative means of the parties appears to weigh in favor of transfer, as a transfer to the Northern District of New York would require less travel on the part of all of the parties.

Because Plaintiff has not opposed or in any way responded to the Defendants' motion for transfer, the Court assumes that it is equally, if not more, convenient for the Plaintiff to prosecute this case in the Northern District of New York. Accordingly, because the relevant factors weigh in favor of granting the Defendants' motion for transfer, it is hereby,

**ORDERED**, that this case is now transferred to the Northern District of New York; and it is

**FURTHER ORDERED**, that SUNY IT is dismissed as a defendant in this action, and the Clerk of the Court is directed to remove the State University of New York, Institute of Technology at Utica/Rome from the caption in this case; and it is

**FURTHER ORDERED,** that Plaintiff's New York State law claims are dismissed.

**ALL OF THE ABOVE IS SO ORDERED.**

                                           <u>   s/ Michael A. Telesca   </u>
                                                MICHAEL A. TELESCA
                                       United States District Judge

Dated:    Rochester, New York
            June 20, 2012